1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   JOSEPH C. LIBURT (STATE BAR NO. 155507)
2  JESSICA R. PERRY (STATE BAR NO. 209321)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  1000 Marsh Road
   Menlo Park, CA  94025
4  Telephone:     650-614-7400
   Facsimile:     650-614-7401
5
   Attorneys for Defendants
6  APPLE COMPUTER, INC. and
   DAVID BLACK
7
   WAUKEEN Q. MCCOY, ESQ.
8  LAW OFFICES OF WAUKEEN Q. MCCOY
   703 Market Street, Suite 1407
9  San Francisco, CA  94103
   Telephone:     415-675-7705
10 Facsimile:     415-675-2530

11 Attorneys for Plaintiff
   NANCY ZAYED

**IT IS SO ORDERED**
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY ZAYED, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>APPLE COMPUTERS, a corporation doing business in California; DAVID BLACK, an individual, and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.  C-04-1787<br><br>**STIPULATION AND PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |

Pursuant to Federal Rule of Civil Procedure 26(c), it is hereby stipulated and agreed by and between the parties that the terms and conditions of this stipulated protective order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged between the parties in this action. The parties hereby submit the following stipulation and move the Court to approve the Stipulation as a Protective Order.

**STIPULATION**

Subject to and without waiving any objections any party may have as to the discoverability of any information, and without waiving any objections or legal claims any party may have (including but not limited to any objections or legal claims arising out of the acquisition, retention, or other handling of documents containing confidential or proprietary information), and solely for the purpose of providing procedures for the handling and protection of "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" as defined herein, the parties to this action hereby agree on the following procedures for handling such Confidential Information. Certain documents, things and information disclosed may constitute or contain trade secrets, or other secret, proprietary, private, or confidential information. This information may include, but is not limited to, personnel data of persons not a named party to this action, Apple's strategic planning and compensation information, Apple's confidential and proprietary business policies and procedures, product information, and earnings data.

The parties hereby agree that access to and use of such documents, things and information shall be governed and limited by the provisions of this Protective Order as set forth herein, subject to the approval of the Court.

    **A.**    **DEFINITION OF CONFIDENTIAL INFORMATION**

    1.    "Confidential Information," as used herein, means any type or classification of information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which (i) is designated when it is produced as "Confidential" by the supplying party, or (ii) which is designated by a receiving party as "Confidential" by stating in writing the specific

1  pages of the information to be so designated, within twenty business days after receipt of the
2  information for which the designation is proposed.  In designating information as Confidential
3  Information, the party so designating will make such designation only as to that information
4  which it believes contains secret, confidential, private, and/or proprietary information and must be
5  protected against disclosure to non-parties.  Each party shall exercise good faith in designating
6  information as Confidential Information.

7        2. "Confidential Information – Attorneys' Eyes Only" as used herein, means
8  any type or classification of information, whether it be a document, information contained in a
9  document, information revealed during a deposition, information revealed in an interrogatory
10 answer, or otherwise, which (i) is designated when it is produced as "Confidential – Attorneys'
11 Eyes Only" by the supplying party, or (ii) which is designated by a receiving party as
12 "Confidential – Attorneys' Eyes Only" by stating in writing the specific pages of the information
13 to be so designated, within twenty business days after receipt of the information for which the
14 designation is proposed.  In designating information as Confidential Information – Attorneys'
15 Eyes Only, the party so designating will make such designation only as to that information which
16 it believes contains secret, confidential, private, and/or proprietary information of the most
17 sensitive nature and must be protected against disclosure to anyone other those person designated
18 in Section C(2), below.  Each party shall exercise good faith in designating information as
19 Confidential Information – Attorneys' Eyes Only.

20   **B.**  **PROCEDURE FOR DESIGNATING MATERIAL AS CONFIDENTIAL INFORMATION**
21

22       1. Confidential Information shall include all documents provided by a party
23 which have been designated as confidential by marking the page:  "CONFIDENTIAL
24 INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY."
25 lieu of marking the original of documents, the party may mark the copies that are produced or
26 exchanged.

27       2. The identification of information as Confidential Information or
28 Confidential Information – Attorneys' Eyes Only by a supplying party shall be made at a time

1   when an answer to an interrogatory or an answer to a request for admission is served, when a

2   copy of a document is provided to the other party, and when an inspection of premises or tangible

3   things is made.

4       3.      The identification of information as Confidential Information or

5   Confidential Information – Attorneys' Eyes Only by a receiving party shall be made in writing

6   within twenty business days of such receipt by stating in writing which specific pages are to be

7   marked Confidential Information or Confidential Information – Attorneys' Eyes Only.  No

8   Confidential Information or Confidential Information – Attorneys' Eyes Only may be read by

9   anyone other than attorneys for the named parties, experts and consultants, and, if applicable, the

10  deponent who produced those documents at deposition, during said twenty business day period.

11  Every party shall in such cases mark every page so identified in his or her possession, custody or

12  control with an appropriate marking identifying the information as Confidential Information or

13  Confidential Information – Attorneys' Eyes Only.

14      4.      Information disclosed at a deposition may be designated as confidential by

15  either (a) indicating on the record at the deposition that the testimony is Confidential Information

16  or Confidential Information – Attorneys' Eyes Only and subject to the provisions of this Order or

17  (b) by notifying the opposing party in writing within twenty business days of the receipt of the

18  transcript of those pages and lines or exhibits that contain Confidential Information or

19  Confidential Information – Attorneys' Eyes Only.  No Confidential Information or Confidential

20  Information – Attorneys' Eyes Only may be read by anyone other than attorneys for the named

21  parties, experts and consultants, and the deponent during said twenty business day period.  Upon

22  being informed that certain portions of a deposition disclose Confidential Information or

23  Confidential Information – Attorneys' Eyes Only, each party must cause each copy in their

24  possession, custody or control to be so marked immediately.

25      5.      If any party believes that a document or other information, which has been

26  designated as Confidential Information or Confidential Information – Attorneys' Eyes Only,

27  should not properly be treated so designated within this protective order, that party will notify the

28  disclosing party of its disagreement with the confidential designation.  Counsel for the parties will

then endeavor to reach an agreement regarding the status of that document or information within ten days.  If no agreement can be reached after ten days, the party seeking to challenge the designation of the document shall file a motion for relief within fourteen days thereafter.  Until the Court resolves the motion, the document will be treated as designated subject to the terms of this protective order.

**C.    QUALIFIED PERSONS WITH ACCESS TO CONFIDENTIAL INFORMATION**

1. Information or material designated as "Confidential Information," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following Qualified Persons:

(a) outside counsel of parties in this action and their related entities and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) parties and employees of the parties whose assistance to counsel is necessary for the purposes of this litigation, subject to and in compliance with Section C3 herein;

(c) Consultants and experts retained or employed to assist the attorneys of named parties in the preparation of this litigation for trial, such as statisticians, economists, accountants, or other technical or legal experts or consultants, subject to an in compliance with Section C3 herein.

(d) the Court;

(e) court reporters and videographers employed in connection with this action;

(f) graphics or design services retained by counsel for a party for the sole purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, subject to and conditioned upon compliance with Section C3 herein;

(g) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Section C3 herein; and

(h) any other person only upon order of the Court or upon prior written consent

1 of the party who designated the information or material confidential, subject to and conditioned

2 upon compliance with Section C3 herein.

3       2.      Information or material designated as "Confidential Information –

4 Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof,

5 may be disclosed, summarized, described, characterized, or otherwise communicated or made

6 available in whole or in part only to the following Qualified Persons:

7       (a)      outside counsel of parties in this action and their related entities and regular

8 and temporary employees of such counsel to whom it is necessary that the information or material

9 be shown for the purposes of this litigation, and Apple's in-house counsel who are directly

10 involved in the legal decisions and strategies of this litigation;

11       (b)      Consultants and experts retained or employed to assist the attorneys of

12 named parties in the preparation of this litigation for trial, such as statisticians, economists,

13 accountants, or other technical or legal experts or consultants, subject to an in compliance with

14 Section C3 herein.

15       (c)      the Court;

16       (d)      court reporters and videographers employed in connection with this action;

17       (e)      graphics or design services retained by counsel for a party for purposes of

18 preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this

19 action, subject to and conditioned upon compliance with Section C3 herein;

20       (f)      non-technical jury or trial consulting services retained by counsel for a

21 party, subject to and conditioned upon compliance with Section C3 herein;

22       (g)      any other person only upon order of the Court or upon written consent of

23 the party who designated the information or material confidential, subject to and conditioned

24 upon compliance with Section C3 herein.

25       3.      All persons listed in Sections C1(b), (c), (f), (g) and (h) above may be

26 given access to information or material designated as "Confidential," provided that they first

27 confirm their understanding and agreement to abide by the terms of this Protective Order by

28 completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

1   Similarly, all persons listed in Sections C2(b), (e), (f) and (g) above may be given access to
2   information or material designated as "Confidential - Attorneys' Eyes Only" provided that they
3   first confirm their understanding and agreement to abide by the terms of this Protective Order by
4   completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

5        4.     Any person may be examined as a witness during a deposition concerning
6   any information or material designated as "Confidential" or "Confidential - Attorneys' Eyes
7   Only" which that person had lawfully received or authored prior to and apart from this action.
8   During examination, any such witness may be shown information or material designated as
9   "Confidential" or "Confidential - Attorneys Eyes Only" by a party which appears on its face or
10  from other documents or testimony to have been received or authored by that witness from, or
11  communicated to that witness by, that same party or otherwise appears on its face to contain
12  information about which it appears reasonably likely that the witness has discoverable
13  information, provided that the examining party obtains the witness' compliance with Section C4.

14  **D.    RESTRICTIONS ON THE USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

16       1.     Any information designated as Confidential Information or Confidential
17  Information – Attorneys' Eyes Only shall not be made available or disclosed to any person other
18  than the Qualified Persons identified in Section C. Persons who, by virtue of the conduct of this
19  litigation, have knowledge of the designated Confidential Information or Confidential
20  Information – Attorneys' Eyes Only shall not suffer or permit its disclosure or that of any
21  information obtained, derived, compiled, or ascertained therefrom, to any person or persons not
22  entitled under this Protective Order to receive such information.

23       2.     Disclosure of all items designated as Confidential Information or
24  Confidential Information – Attorneys' Eyes Only in this action shall be solely for the purposes of
25  this action, (i.e., *Zayed v. Apple Computer, Inc., et al.*, United States District Court, Northern
26  District of California, No. C-04-1787) unless and until such designation is removed either by
27  stipulation by attorneys for the named parties or by order of the Court.

28

3. With respect to information designated as Confidential Information or Confidential Information – Attorneys' Eyes Only, no copies of documents, testimony, or other information shall be received, kept, or maintained by individuals other than the Qualified Persons as defined above.

4. Any party wishing to file under seal any document or other item designated "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" shall lodge the documents along with a Request for Sealing pursuant to Civil Local Rule 79-5. The documents shall be submitted in an appropriate envelope labeled with the case name and number and the title of the documents. All envelopes containing any Confidential Information which are submitted to the Court shall carry the following notation on the cover:

**CONFIDENTIAL - THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT AND MAY NOT BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT ORDER.**

Unless otherwise ordered by the Court, within ten days after any request for sealing is filed, any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under rule 26(c). *See* Civil Local Rule 79-5 and commentary thereto.

5. In the event an attorney to this litigation seeks to show any documents or other information denominated as Confidential Information or Confidential Information – Attorneys' Eyes Only to anyone other than a Qualified Person, that attorney shall first advise opposing counsel at least five days in advance, and seek to reach an informal resolution of such matters. In the event that agreement cannot be reached, the party seeking to show the Confidential Information or Confidential Attorneys' Eyes Only shall apply to the Court for relief from this Protective Order.

E.   **NON-APPLICABILITY TO THE TRIAL OF THIS ACTION**

The terms of this Order shall continue to apply during the time period in which the trial of this action occurs, but shall not apply to the trial itself, as all decisions concerning the conduct of the trial shall be made by the trial judge. Any party may, at or before the time of trial,

seek an order of the Court to restrict access to particular documents or testimony in the trial.

F.     **NO ADMISSION OR WAIVERS**

The execution of this Order shall not:

1.     constitute a waiver of any party's right to seek from the Court at a future time an order which provides greater, lesser or no restriction of access to Confidential documents or information; or

2.     be construed as an admission or agreement that any document or information designated as Confidential is, in fact, confidential or otherwise entitled to any protective relief whatsoever.

G.     **RETURN OF DOCUMENTS**

1.     Unless otherwise agreed in writing, within sixty days of final termination of this litigation, the parties to this litigation shall deliver to the party designating materials as Confidential Information or Confidential Information – Attorneys' Eyes Only pursuant to this Protective Order any documents containing such Confidential Information (including any copies thereof).

/ / /

/ / /

/ / /

1        2.      In addition, within sixty days of final termination of this litigation, either
2   party may file a motion requesting that any attorney work product documents which incorporate
3   or reference particular Confidential Information or Confidential Information – Attorneys' Eyes
4   Only pursuant to this Protective Order be:  (1) destroyed; (2) redacted to delete all references to
5   the Confidential Information or Confidential Information – Attorneys' Eyes Only; and/or (3)
6   sealed for a specified period of time and subsequently destroyed.  The other party shall have the
7   right to oppose that motion, any other provision of this Stipulation and Protective Order
8   notwithstanding.  The Court shall retain jurisdiction after termination of this action to hear any
9   such motion and to enforce any order or ruling issued in connection with such a motion.

Dated: February 23, 2005          LYNNE C. HERMLE
                                  JOSEPH C. LIBURT
                                  JESSICA R. PERRY
                                  ORRICK, HERRINGTON & SUTCLIFFE LLP


                                           /s/
                                  ─────────────────────────────
                                  Jessica R. Perry
                                  Attorneys for Defendants
                                  Apple Computer, Inc. and David Black


Dated: July 22, 2005              WAUKEEN Q. MCCOY, ESQ.
                                  LAW OFFICES OF WAUKEEN Q. MCCOY


                                           /s/
                                  ─────────────────────────────
                                  Rachael Orejana
                                  Attorneys for Plaintiff
                                  Nancy Zayed

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: __July 27_____, 2005
                                  /s/ James Ware
                                  ─────────────────────────────
                                  Hon. James Ware
                                  UNITED STATES DISTRICT JUDGE


DOCSSV1:295322.1                  - 9 -         STIPULATION AND PROTECTIVE ORDER RE USE OF
                                                CONFIDENTIAL DOCUMENTS AND INFORMATION
                                                C-04-1787

# **EXHIBIT A**

LYNNE C. HERMLE (STATE BAR NO. 99779)
JOSEPH C. LIBURT (STATE BAR NO. 155507)
JESSICA R. PERRY (STATE BAR NO. 209321)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:      650-614-7401

Attorneys for Defendants
APPLE COMPUTER, INC. and DAVID BLACK

WAUKEEN Q. MCCOY, ESQ.
LAW OFFICES OF WAUKEEN Q. MCCOY
703 Market Street, Suite 1407
San Francisco, CA  94103
Telephone:     415-675-7705
Facsimile:      415-675-2530

Attorneys for Plaintiff
NANCY ZAYED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY ZAYED, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>APPLE COMPUTERS, a corporation doing business in California; DAVID BLACK, an individual, and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.  C-04-1787<br><br>**STIPULATION AND PROTECTIVE ORDER RE USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION** |

1    I hereby certify that I have carefully read the Stipulation and Protective Order Re
2  Use of Confidential Documents and Information in the above-captioned case, and that I fully
3  understand the terms of the Court's Order.  I recognize that I am bound by the terms of that
4  Order, and I agree to comply with those terms.  I hereby consent to be subject to the personal
5  jurisdiction of the Santa County Superior Court and the United States District Court for the
6  Northern District of California in respect to any proceedings relative to the enforcement of that
7  Order, including any proceeding related to contempt of court.
8    Dated this _____ day of _____, 200____.  Executed at
9  _____ (city and state).

10

11                                                                    _____
                                                                      Print Name
12

13                                                                    _____
                                                                      Signature
14

15

16  Name:

17  Affiliation:

18  B usiness Address:

19  Home Address:

20

21

22

23

24

25

26

27

28