**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY ZAYED, ) | Case No.: C 04-1787 JW PVT |
| Plaintiff, ) | |
| ) | **ORDER RE MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION** |
| v. ) | |
| ) | |
| APPLE COMPUTERS, et al., ) | |
| Defendants. ) | |
| _____ ) | |

On April 17, 2006, Defendants filed a motion to compel an independent mental examination.[1] Plaintiff opposed the motion. Based on the moving and opposition papers,

IT IS HEREBY ORDERED that Defendants' motion to compel an independent mental examination is GRANTED, subject to the conditions set forth herein. The court deems the motion to be one for relief from the fact discovery cutoff as well as for an independent medical examination. The court finds there is arguably good cause for relief from the discovery cutoff based on Defense counsel's declaration testimony that one of Plaintiff's attorneys had agreed to postpone any independent medical examination until after the District Judge ruled on Defendants' summary judgment motion. While the better practice would have been to reduce such an agreement to a stipulation and order at that time, Plaintiff has not shown any real prejudice since no trial date has been set yet.

IT IS FURTHER ORDERED that the independent mental examination ordered herein is

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

conditioned on the following:

1.      Prior to the examination, Defendants shall file a declaration from Dr. Zeitz confirming that he has read this order and understands he is ordered by the court to comply with the limitations and restrictions set forth herein. The court is concerned by events in another case[2] in which a plaintiff moved to exclude Dr. Zeitz' testimony based on alleged violations of an order by this court limiting the scope of an independent mental examination. The court expects Dr. Zeitz to scrupulously comply with the provisions of this order.

2.      The scope of the examination shall be limited to an evaluation of the scope and severity of Plaintiff's mental and physical suffering; the cause of Plaintiff's mental and physical suffering;[3] and the possible impact of alternate stressors in Plaintiff's life on her mental and physical suffering. In his declaration, Dr. Zeitz states that he believes an independent mental examination is necessary to determine "whether Plaintiff has a distorted perception of her work," and "whether Plaintiff has a distorted perception of her interactions with Defendant." Such determinations would assess the Plaintiff's credibility, and it is improper to use expert testimony to impugn a party's credibility. *See Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998). Accordingly, Dr. Zeitz shall make no inquiry into whether Plaintiff has a distorted perception of her work or her interactions with Defendant, nor in any other way attempt to assess and opine about Plaintiff's credibility. A party's credibility is for the jury to determine. *Ibid.*

3.      Dr. Zeitz may not use any documents obtained from Defense counsel or Defendants in conducting the examination. Nor may Dr. Zeitz attempt to "cross-examine" Plaintiff about any of her prior testimony or statements. According to documents filed in the other case referenced above, it appears that Dr. Zeitz spent a great deal of time questioning the plaintiff in excessively minute detail about specific documents, communications and events at issue in that case. Dr. Zeitz apparently used the information as a basis for offering opinions regarding plaintiff's perceptions of events. Such examination far exceeded what this court anticipated in its order allowing that

---

[2]      Both Dr. Zeitz and Defense counsel are involved in that other case.

[3]      While causation is within the scope of discovery, the court expresses no opinion at this time as to whether expert testimony regarding the *cause* of Plaintiff's suffering will be admissible at trial under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593 (1993).

independent mental examination. The court wants to be absolutely clear in this order that the subject of the examination in the present case does not include the accuracy of Plaintiff's perception of events. This examination is strictly limited to a *medical* evaluation of Plaintiff's mental and physical *suffering*. Dr. Zeitz states in his declaration that a "civil forensic psychiatric examination is conducted to answer medical/legal questions posed in a particular case." This misconstrues the nature of a Rule 35 examination. Rule 35 authorizes only a *medical* examination. *Legal* evaluation and argument is the province of counsel, not the medical examiner.

4. The examination may not be taped. Plaintiff has objected to taping, and Dr. Zeitz' declaration does not indicate any need for taping.

5. The examination shall be limited to one 8 hour day; 4 hours for Dr. Zeitz' examination and 4 hours for Dr. Hooker's administration of the WAIS-III, MMPI-2 and Rorschach tests. Given the restrictions set forth in this order, 8 hours should not be necessary for Dr. Zeitz's portion of the examination.

6. The examination shall be conducted at the earliest time that is mutually agreeable to the parties. If the parties cannot by May 2, 2006 agree on a day for the examination, then on May 3, 2006, each shall file a short brief with their proposal for the examination.

7. Absent written agreement of the parties to the contrary, Dr. Zeitz' report shall be provided to Plaintiff no later than one week before the deadline for Plaintiff to disclose her experts and serve any expert reports. In the normal course, any independent mental examination would have been completed during *fact* discovery and Plaintiff would have been able to provide the examiner's report to her expert before her expert completed his report.[4]

Dated: *4/28/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[4] The court disagrees with Defendants' contention that Rule 35 examinations are part of expert discovery. A Rule 35 examination constitutes discovery of facts, not discovery of expert opinion. It is a process for gathering factual information from which an expert can form his or her opinion. If the court were to accept Defendant's argument that "expert discovery" includes Rule 35 examinations, there would be no logical basis for excluding from expert discovery a wide range of interrogatories, document requests and non-expert depositions designed to obtain *factual* information for use by a retained expert in forming his or her opinion.